# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4045 | **DATE** | 7/6/2010 |
| **CASE TITLE** | Daniel Coffey (M-10755) vs. Kaupas, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $9.38 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and continue monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Dixon Correctional Center. Summonses, however, shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted until August 5, 2010 to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff an amended civil rights complaint form with instructions. Failure to submit an amended complaint on or before August 5, 2010 will result in summary dismissal of this case in its entirety.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate at the Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.38. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff appears to bringing multiple claims in his complaint. Plaintiff first alleges that during "booking" at the Will County Adult Detention Center (WCADC), he was denied his medications and was forced to sleep on the floor under extremely bright lighting. Upon being taken to an initial intake unit, he was stripped of all of his clothing and given a county-issued uniform that included used underwear.

A few days later Plaintiff was examined by Dr. Sood. Doctor Sood told Plaintiff that he does not prescribe the specific medication that Plaintiff was taking. After the medication that Plaintiff brought to WCADC ran out, Dr. Sood refused to prescribe another prescription and told that Plaintiff that he should speak with the judge in his criminal case about that prescription and that his other prescription would have to be approved by the psychologist. When Plaintiff met with the psychologist, he told Plaintiff that he would only prescribe substitutes because WCADC did not "use" Plaintiff's medication. The judge in his criminal case told WCADC to allow Plaintiff a phone call to verify his medications. However, WCADC staff did not allow Plaintiff to use the phone. Approximately a week later, Plaintiff was moved to the most lit cell in the medical unit. Dr. Sood also unnecessarily issued suicide watches on Plaintiff. Because Plaintiff was unnecessarily placed in the medical unit, he was deprived yard time and exercise.

| STATEMENT |
|---|

Plaintiff next alleges that during his stay at WCADC, he was served spoiled, moldy, and outdated food.

In his prayer for relief, Plaintiff seeks damages for his pain and suffering related to his inadequate medical care and for WCADC's refusal to allow detainees to their own underwear, to buy more from the commissary, and to provide an adequate diet.

Plaintiff names Will County Sheriff Paul Kaupas, Dr. Sood, and an unknown warden of WCADC as defendants.

Plaintiff must submit an amended complaint, as the document on file contains misjoined claims and defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" Plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has likewise submitted a complaint challenging multiple unrelated aspects of his confinement.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing what appears to be multiple unrelated claims against unrelated defendants cannot stand. *Id.* at 606.

In addition, while Plaintiff names Sheriff Kaupas and the unknown warden as defendants, he fails to make any allegations against them in his complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). Thus, Plaintiff fails to give these defendants fair notice of the claim(s) against them.

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is until August 5, 2010 to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge. Plaintiff further must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply with this order by August 5, 2010, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.