Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4045 | **DATE** | 8/11/2010 |
| **CASE TITLE** | Daniel Coffey (M-10755) v. Kaupas, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [6] is accepted as filed. The Clerk shall: (1) issue summons for service of the amended complaint [6] on Defendant Dr. Sood, (2) dismiss the previously-named Defendants Paul Kaupas and John Doe, (3) and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The United States Marshals Service is appointed to serve the Defendant. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff, an inmate presently at Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2010, Plaintiff was granted to leave to proceed *in forma pauperis* and he was ordered to submit an amended complaint because the original complaint improperly included multiple unrelated claims against unrelated defendants and failed to state a claim as to other defendants. Plaintiff has submitted an amended complaint.
     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.
     Plaintiff alleges that while he was detained at the Will County Adult Detention Center he was denied proper medical care by Dr. Sood. The improper medical care included: (1) not receiving his prescription medication for his narcolepsy, (2) Dr. Sood not having the proper license to prescribe his required medication, (3) not replacing his C-pap machine (needed for sleeping), (4) being placed in the most lit room in the medical wing even though he had a sleep disorder, and (5) not providing his needed medication for his muscle and tendon condition. Doctor Sood must respond to the complaint.
     The Clerk shall issue summonses for service of the amended complaint on Defendant Dr Sood and dismiss the previously-named Defendants Paul Kaupas and John Doe. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.
     The United States Marshals Service is appointed to serve the Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former Will County Adult Detention Center employee who can no longer be found at the work address provided by Plaintiff, the Will County Adult Detention Center shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is

## STATEMENT

authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although he has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.