Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4045 | **DATE** | April 14, 2011 |
| **CASE TITLE** | Daniel Coffey v. Paul Kaupus, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is directed to either file an updated application to proceed *in forma pauperis* on the enclosed form or pay the full $350 statutory filing fee. Failure to comply with this directive within thirty days will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to send Plaintiff an *in forma pauperis* application and instructions along with a copy of this order. Additionally, Plaintiff's motion for appointment of counsel [#16] is denied.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

    Plaintiff, Daniel Coffey, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Sood subjected him to deliberate indifference to a serious medical condition at the Will County Adult Detention Center by failing to provide him with his prescription for narcolepsy, not maintaining the appropriate license to prescribe the appropriate medication, not maintaining his C-pap machine (necessary for sleeping), placing him in the most brightly lit room in the medical unit in spite of his sleep disorder, and failing to provide him with medication for his muscle and tendon condition.

    Plaintiff is no longer incarcerated. Accordingly, Plaintiff is directed to file a renewed application to proceed *in forma pauperis* regarding his current financial/employment status within thirty days of the date of this order. *See, generally, Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). In the alternative, Plaintiff may pay the full $350 statutory filing fee. Although this case is not subject to the payment provisions of the Prison Litigation Reform Act, the Court must nevertheless assess Plaintiff's current financial situation. The i.f.p. application on file, which summarizes Plaintiff's prison trust fund activity, is not relevant.

    The Clerk will provide Plaintiff with an i.f.p. application and instructions. Plaintiff must file an updated application to proceed *in forma pauperis* on the enclosed form or pay the full $350 statutory filing fee within thirty days. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

**(CONTINUED)**

AWL

## STATEMENT

Plaintiff has filed a motion for appointment of counsel. The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

Additionally, it should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.